**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL E. KING,

         Plaintiff,

                    8:19-CV-1057
   v.                  (GLS/DJS)

BOB ROSS, *CEO*, *et al.*,

         Defendants.

**APPEARANCES:**            **OF COUNSEL:**

MICHAEL E. KING
Plaintiff, *Pro Se*
14 Kiwassa Road
Apartment 5F
Saranac Lake, NY 12983

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER

   The Clerk has sent to the Court a *pro se* Complaint filed by Michael King. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed in Forma Pauperis (IFP). Dkt. No. 2. By separate Order, this Court granted Plaintiff's Application to proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff brings this lawsuit pursuant to Title VII, alleging discrimination on the basis of his race or color and religion. Compl. at p. 2.[1] In considering Plaintiff's Complaint, the Court will also consider the allegations set forth in the complaint Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), which Plaintiff has attached to the Complaint. *See Richardson v. Gleason*, 2018 WL 6335453, at *2 n.3 (N.D.N.Y. Dec. 5, 2018) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

---

[1] As the pages of the Complaint and exhibits are unnumbered, the Court will refer to the pagination assigned by the Court's CM/ECF system when citing to the Complaint.

According to Plaintiff's submissions, he is a Black-American and he practices Islam. *Id.* at p. 11. Interpreting Plaintiff's Complaint liberally, he appears to allege that he applied for a position at St. Joseph's Rehabilitation Center, Inc. in 2017. *Id.* at pp. 4 & 11-12. He was not hired for that position, but was hired for a different position, and a contract was executed by which he would work for approximately twenty hours per week. *Id.* at pp. 4 & 11-12. However, he only was paid for working ten hours per week while employed, and was not compensated for certain work he performed; he also was not permitted to participate in staff meetings, and was not given a descriptive job function. *Id.* at pp. 4-5 & 11-12. He was then terminated on January 4, 2019. *Id.* at p. 12. Plaintiff alleges that he was wrongfully terminated due to his race, color, and religion. *Id.* In addition, Plaintiff alleges that he was not permitted to pray, in violation of the First Amendment. *Id.* at p. 5. Plaintiff seeks compensatory and punitive damages. *Id.* at p. 6.

Plaintiff filed charges with the EEOC on June 18, 2019, and received a Notice of Right to Sue letter on June 27, 2019, and filed this lawsuit within 90 days of receiving that letter. *See id.* at p. 5.

### C. Analysis of Plaintiff's Claims

#### *1. Title VII*

Plaintiff alleges that he is a Black-American and that he practices Islam. Compl. at p. 11. He alleges that he was not hired for a certain job he was invited to interview for, that he was subjected to terms of employment that were different than those he had agreed to and that were worse than other employees' terms of employment, and that he was ultimately terminated. *Id.* at p. 4-5 & 11-12.

- 4 -

"A plaintiff asserting a Title VII discrimination claim must allege facts showing that '(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision,' which can be shown 'by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'" *Jackson v. Roe*, 2016 WL 3512178, at *3 (E.D.N.Y. June 22, 2016) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015)); *see also White v. Andy Frain Servs., Inc.*, 629 Fed. Appx. 131, 134 (2d Cir. 2015) (finding Title VII claim raised by allegations that employer failed to reasonably accommodate plaintiff's religious beliefs). Plaintiff does not provide significant factual detail regarding his claims, particularly as would relate to the motivation of his employers. *See generally* Compl. Construing the Complaint liberally, however, Plaintiff has sufficiently pled Title VII discrimination based on his race, color, and/or religion.

To the extent that Plaintiff intends to bring his Title VII claims against the individual Defendants, however, the Court recommends those claims be dismissed because there is no individual liability under Title VII. *Wrighten v. Glowski*, 232 F.3d 119, 119 (2d Cir. 2000).

Ordinarily, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Nonetheless, leave to replead need not be given when it would be "futile" because the problem with the plaintiff's causes of actions would not be cured by better

pleading.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  In this case, while mindful of the liberality with which *pro se* pleadings must be viewed, because individuals are not proper Defendants for claims under Title VII, a valid Title VII claim cannot be stated against them with better pleading.  The Court therefore recommends that Plaintiff's Title VII claims against the individual Defendants be dismissed without leave to amend.

## *2. First Amendment*

Plaintiff also alleges that he was not allowed to make his prayers at work, and was told by his supervisor not to pray, and was thereby denied his First Amendment rights. Compl. at p. 5.  "The First Amendment applies only to state actors." *Loce v. Time Warner Entm't Advance/Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir. 1999).  Defendants are private actors, and the Complaint contains no allegations that there is a close nexus between Defendants and the State.  *See id.*; *see* Compl., *generally*.  Without a claim of state action, there can be no First Amendment claim against Defendants.  Because a valid First Amendment claim could potentially be stated, the Court recommends this dismissal be without prejudice.  *See Dolan v. Connolly*, 794 F.3d at 295.

Plaintiff may have a claim, however, under New York Human Rights Law. Section 296(10)(a) provides that

> It shall be an unlawful discriminatory practice for any employer, or an employee or agent thereof, to impose upon a person as a condition of obtaining or retaining employment, including opportunities for promotion, advancement or transfers, any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion, including but not limited to the observance of any particular day or days or any portion thereof as a sabbath or other holy day in accordance with the requirements of his or her religion, unless, after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably

accommodate the employee's or prospective employee's sincerely held religious observance or practice without undue hardship on the conduct of the employer's business.

N.Y. Exec. Law § 296(10)(a). Liberally construed, Plaintiff's allegations that he was told by his supervisor not to pray could state a claim under this provision. *See White v. Andy Frain Servs., Inc.*, 629 Fed. Appx. 131, 134 (2d Cir. 2015). The Court therefore recommends that Plaintiff's claim that he was not permitted to pray be permitted to proceed.

### *3. Breach of Contract*

Plaintiff also brings a claim for breach of contract. Compl. at p. 4. "To state a claim in federal court for a breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). Plaintiff has alleged that he worked pursuant to the employment contract for two years, and did not receive the wages that were agreed upon in the contract. Compl. at p. 4. Read liberally, Plaintiff has sufficiently stated a claim for breach of contract and the Court recommends that it be permitted to proceed.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Title VII claims against the individual Defendants be **dismissed with prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's First Amendment claim be **dismissed without prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's remaining claims be permitted to proceed; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 8, 2019
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).