UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL E. KING,

       Plaintiff,

  v.             8:19-CV-1057
               (GLS/DJS)

BOB ROSS, *et al.*,

       Defendants.
_____

**APPEARANCES:**          **OF COUNSEL:**

MICHAEL E. KING
Plaintiff, *Pro Se*
Saranac Lake, NY 12983

JOHNSON & LAWS, LLC      GREGG T. JOHNSON, ESQ.
Attorney for Defendants
646 Plank Road, Suite 205
Clifton Park, NY 12065

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

   Presently referred to this Court for a Report and Recommendation is Defendants' Motion for Dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 37 and 41(b). Dkt. No. 27. For the reasons that follow, is recommended that Defendants' Motion be denied with leave to renew, and that Plaintiff be provided with one final sixty (60) day period to fulfill his discovery responsibilities prior to the Court ordering the dismissal of his claims.

- 1 -

## I. INTRODUCTION

Plaintiff commenced this action on August 26, 2019. Dkt. No. 1. The Complaint alleges that Plaintiff was terminated from his position as a peer specialist at St. Joseph's Rehabilitation Center due to his race or skin color and religion, and that St. Joseph's Rehabilitation Center violated his contract by failing to pay certain agreed-to wages. *Id.* at ¶¶ 4-9. The Complaint alleges that Plaintiff was not compensated as agreed to by the Rehabilitation Center, that he was not allowed to make his prayers, and that he was treated in a hostile fashion. *Id.* The EEOC investigated and did not find a violation of Title VII after its limited review and issued Plaintiff a "Right to Sue Letter" on June 27, 2019. *Id.* at p. 7.

After the Complaint was filed, Mr. King was sent a copy of this District's *pro se* Handbook as well as a copy of the Local Rules for the Northern District of New York. Dkt. No. 3. The Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and as a result of a Report-Recommendation issued by the undersigned and adopted by the District Court, Plaintiff's Title VII claims against the individual Defendants were dismissed with prejudice, and Plaintiff's First Amendment claim was dismissed without prejudice. Dkt. Nos. 5 & 7. No motion to amend was thereafter filed. Accordingly, the claims that remain are: (1) a Title VII claim against St. Joseph's Rehabilitation Center; (2) a New York Human Rights Law claim against all Defendants; and (3) a State court breach of contract claim.

On February 10, 2020, Defendants, through counsel, answered the Complaint and denied the allegations. Dkt. No. 13. The Court then held a Rule 16 initial conference on February 19, 2020. *See* Text Minute Entry dated Feb. 19, 2020. Plaintiff was directed to appear at the conference in person, Dkt. No. 9, but did not do so. Chamber's staff was able to reach Plaintiff in New York City, and he then attended the conference by telephone. At that conference the Court explained to the *pro se* Plaintiff his discovery obligations and his need to work together with defense counsel to comply with those discovery obligations. *Id*. Plaintiff agreed that he would do so. Plaintiff also made a motion for the Court to appoint counsel on his behalf. Dkt. No. 18. The Court explained to Plaintiff, however, that prior to any such motion being granted it would be necessary for him to establish that he had attempted and was unable to obtain private counsel, which he has not done. Dkt. No. 20.

A Uniform Pretrial Scheduling Order ("UPSO") was issued on February 25th, 2020. Dkt. No. 19. The UPSO called for the completion of all discovery by August 14, 2020. *Id.* Pursuant to the Court's first directive, initial disclosures under Rule 26(a)(1) were due on February 12, 2020. Dkt. No. 9. At the pretrial conference, after having discovered that Plaintiff had not provided his Rule 26 disclosures, the Court directed that those disclosures be made by March 13, 2020. *See* Text Minute Entry dated Feb. 19, 2019. The UPSO notes in part that:

> **(6) (B) <u>Failure to comply</u>**: The failure to comply with the deadlines set forth in Subparagraph (A) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

It is now apparent that these discovery directives, issued both orally and in writing, were not complied with. As summarized in the pending Motion, defense counsel wrote to Plaintiff on January 30, 2020 regarding his lack of communication and the upcoming deadline for production of mandatory disclosures. Dkt. No. 27-2. A short time later, defense counsel provided Plaintiff with Defendants' Rule 26 initial disclosures. Dkt. No. 27-3. On March 25, 2020, defense counsel wrote again to Plaintiff noting that the initial disclosures had not been provided as specifically ordered by the Court. Dkt. No. 27-4. At the same time, defense counsel acknowledged that Defendants had received document demands from Mr. King, but were not responding to them because the document demands were not signed and because Plaintiff had yet to provide initial disclosures. *Id.* & Dkt. No. 27-5. On May 13, 2020 a deposition notice was sent to Plaintiff which called for his deposition to be conducted on July 22, 2020 in Lake Placid, New York. Dkt. No. 27-6. On July 10, 2020 it appears that Plaintiff indicated his inability to attend his deposition. Dkt. No. 27-7. On July 16, 2020 defense counsel wrote to Mr. King directly noting that he had not provided Rule 26 disclosures, had not responded to document production requests under Rule 34, and had failed to attend his deposition as noticed under Rule 30. Dkt. No. 27-8.

As a result of Plaintiff's noncompliance, Defendants' counsel requested a telephone conference to obtain further Court assistance. Dkt. Nos. 23 & 24. An on-the-record telephone conference was held on August 28, 2020. *See* Text Minute Entry dated Aug. 28, 2020. During the conference Mr. King explained that he was under the care of a doctor due to mental health issues. Plaintiff acknowledged that he had not provided

documentation and videos that he possessed, in part because he was overwhelmed. He did indicate that he had the documents assembled, and he noted parenthetically that defense counsel had not provided him with discovery. The Court once again explained to Plaintiff the need to comply with his discovery obligations. Considering everything that was occurring, this Court provided defense counsel with the opportunity to file a motion seeking dismissal of the action. I advised Plaintiff that he would have the ability to oppose any such motion, and that during the interim he could address the outstanding discovery and then respond to the motion to dismiss by establishing his compliance with discovery obligations.

Defendants then filed the present Motion to Dismiss, which was referred to this Court on May 21, 2021. Dkt. No. 27. Plaintiff has not opposed the Motion.

## II. DISCUSSION AND WARNING

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *In re Hoosick Falls PFOA cases*, 2021 WL 1027908, at *3 (N.D.N.Y. Mar. 17, 2021), *report and recommendation adopted sub nom. in re Hoosick Falls PFOA Cases*, 2021 WL 1966720 (N.D.N.Y. May 17, 2021). Nevertheless, dismissal is "a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation marks omitted) (citation omitted).

In considering whether dismissal is the proper remedy in Mr. King's case, the Court must consider the following:

> (1) the duration of the plaintiff's failure to comply with the court Order[s]; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). The record must be reviewed as a whole; no one factor is dispositive. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d at 254.

Applying the five factors listed above, the Court believes that one final opportunity should be given to Plaintiff prior to a dismissal order being issued. With regard to the duration of the failure, the Court notes that the lack of compliance has been ongoing since February 2020, and therefore persisted for over eight months prior to the instant Motion. However, during much of that time the Court and the parties were under constrictions created by the COVID-19 pandemic. The Court also considers the fact that it appears that Defendants have also not provided discovery to Plaintiff based, in part, on his failure to provide responses to them. Dkt. No. 27-5. As this Court has repeatedly noted, a party cannot simply refuse to provide discovery because the other side has not complied with its obligations. *E.g. LeClair v. Raymond*, 2021 WL 105768, at *7 (N.D.N.Y. Jan. 12, 2021).

Regarding the second factor, the Court does believe that warnings were provided to Plaintiff about his discovery obligations and the nature of the sanctions that could be

imposed, both in Court conferences and Court orders. At the last telephone conference, for example, the Court noted that it was going to allow Defendants to file a motion for dismissal of the Complaint due to Plaintiff's noncompliance. That has now been done, and in a real sense the Motion provided additional notice to Plaintiff about what was at stake. On the other hand, considering the difficulties that Plaintiff set forth at the most recent conference regarding his emotional well-being, the Court feels it could have been clearer in its warning regarding the imminent potential of dismissal.

As to the third factor, defense counsel has made good arguments to the Court about the prejudice his clients are being subjected to due to Plaintiff's lack of compliance with discovery, particularly where their underlying business is to provide mental health care for those in need. A short extension of discovery, however, will minimize the prejudice to Defendants. As for the Court's docket, while this case has been pending for nearly two years, it does not yet pose a significant impediment to managing the docket. Finally, the Court has considered, and in fact proposes, a sanction less severe than dismissal.

Having considered the record as a whole, the Court proposes in this Report and Recommendation that Plaintiff be provided with one final opportunity to come into compliance with his discovery obligations and to provide the information necessary for the litigation and proper adjudication of this case on the merits. In particular, the Court recommends that Plaintiff be provided with 60 days from the date the District Court takes action upon this Report-Recommendation to provide full and complete responses to the outstanding written discovery, including the production of appropriate medical authorizations and videos, to provide his initial disclosures pursuant to Rule 26, and to

submit to the previously noticed deposition.[1]  As for the deposition, it is Plaintiff's obligation to be sworn in and participate in the deposition and to answer questions.  The failure of Plaintiff to attend, be sworn, and answer appropriate questions may and will likely result in sanctions, which may include dismissal of the action pursuant to Federal Rule of Civil Procedure 37.  Similar sanctions would be in order should Plaintiff fail to respond to the outstanding discovery demands pursuant to Rules 37 & 41(b).  In this regard, it is important to make clear to Mr. King that **his case stands on the precipice of dismissal.**  The recommendation here represents one final opportunity for Plaintiff to comply with his obligations.  As the Court will have then exhausted all other avenues to obtain compliance, the only recourse will be a dismissal of the action.  Plaintiff is therefore provided with this **final warning**.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Dismissal be **DENIED**, with leave to renew in the event that Plaintiff does not fulfill his discovery obligations within sixty (60) days from the date that the District Court takes action on this Report-Recommendation; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

---

[1] Should the District Court adopt this recommendation, Defendants are also directed to respond to any outstanding discovery demands within thirty days of the District Court's decision.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 8, 2021
    Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).