**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL E. KING,**

                 **Plaintiff,**

               **v.**

**BOB ROSS et al.,**

                 **Defendants.**
_____

**8:19-cv-1057**
**(GLS/DJS)**

## SUMMARY ORDER

Plaintiff *pro se* Michael E. King commenced this action against defendants Bob Ross, Katie Kitzpatrick, Jessica Cole, and St. Joseph's Rehabilitation Center, Inc., alleging claims pursuant to Title VII of the Civil Rights Act of 1964,[1] the First Amendment, and New York State law. (Compl., Dkt. No. 1.)  Specifically, the complaint alleges that King was terminated from his position as a peer specialist at St. Joseph's, and was otherwise treated in a hostile fashion, due to his race and religion; that St. Joseph's violated his contract by failing to pay certain wages; and that he was not allowed to pray. (*See generally id.*)  The following claims survived initial review of the complaint: (1) a Title VII claim; (2) a New York Human

---

[1] *See* 42 U.S.C. §§ 2000e-2000e-17.

Rights Law claim; and (3) a breach of contract claim.  (Dkt. Nos. 5, 7.)

King telephonically attended a Rule 16 initial conference held on February 19, 2020, but he subsequently failed to provide Rule 26 disclosures, did not respond to document production requests under Rule 34, and failed to attend his deposition as noticed under Rule 30.  (Dkt. No. 30 at 3-4.)  In August 2020, Magistrate Judge Daniel J. Stewart held a telephone conference as a result of King's inaction.  (*Id.*; Dkt. No. 26.)  At that conference, King explained that "he was under the care of a doctor due to mental health issues," and said that he had not turned over certain evidence because "he was overwhelmed" and because "defense counsel had not provided him with discovery."  (Dkt. No. 30 at 4-5.)  Judge Stewart explained the consequences of continuing to ignore his discovery obligations, and provided defendants with the opportunity to move to dismiss.  (*Id.*)

Defendants then filed the pending motion to dismiss, which King did not oppose.  (Dkt. Nos. 27, 29.)  Defendants argue that the complaint should be dismissed due to King's failure to prosecute the action and comply with the court's discovery orders and directives.  (Dkt. No. 27.)

On July 8, 2021, Judge Stewart issued a Report-Recommendation

and Order (R&R), which recommends that defendants' motion to dismiss be denied with leave to renew if King does not fulfill his discovery obligations within sixty (60) days from the date of this Summary Order. (Dkt. No. 30.) Defendants filed timely objections to the R&R. (Dkt. No. 31.) For the reasons that follow, the R&R is adopted in its entirety, and defendants' motion to dismiss is denied with leave to renew after sixty days from the date of this Summary Order.

    Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *5.

    Defendants object to Judge Stewart's statement in the R&R that he considered "the fact that it appears that [d]efendants have . . . not provided discovery to [King]" when making his recommendation. (Dkt. No. 30 at 6;

3

Dkt. No. 31 at 1.) The court notes that defendants have submitted documentation, which appears to show that they have, indeed, provided discovery to King. (Dkt. No. 31, Attach. 1 at 2-3.) However, the crux of the R&R, in the court's view, is that King, as a *pro se* litigant, should be afforded additional time to comply with Judge Stewart's discovery orders before his case is dismissed due to difficulties brought about by King's "emotional well-being" and the COVID-19 pandemic. (Dkt. No. 30 at 5-8.) As such, the challenged statement does not affect the validity of the R&R.

The court has reviewed the remainder of the R&R for clear error, and, having found no such clear error in Judge Stewart's thorough analysis of the relevant factors,[2] the R&R is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt.

---

[2] In determining whether dismissal is appropriate here, Judge Stewart properly considered the following factors: (1) the duration of King's failure to comply with court orders; (2) whether King was on notice that failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with King's interest in receiving a fair chance to be heard; and (5) whether a sanction less drastic than dismissal has been adequately considered. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

No. 30) is **ADOPTED IN ITS ENTIRETY**; and it is further

 **ORDERED** that defendants' motion to dismiss for failure to prosecute (Dkt. Nos. 27, 29) is **DENIED** with leave to renew in the event that King does not fulfill his discovery obligations within sixty (60) days from the date of this Summary Order; and it is further

 **ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 2, 2021  
Albany, New York

*Gary L. Sharpe*  
Gary L. Sharpe  
U.S. District Judge