UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL E. KING,

                               Plaintiff,

                                                                                               8:19-CV-1057
                              v.                                                   (GLS/DJS)

BOB ROSS, *et al.*,

                               Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

MICHAEL E. KING
Plaintiff, *Pro Se*
Saranac Lake, NY 12983

JOHNSON & LAWS, LLC                     GREGG T. JOHNSON, ESQ.
Attorney for Defendants
646 Plank Road, Suite 205
Clifton Park, NY 12065

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     Once again, this matter is before the Court based upon the failure of the *pro se* Plaintiff Michael King to prosecute his discrimination claim which he originally commenced on August 26, 2019. Dkt. Nos. 1 & 33. Presently referred to this Court for a Report and Recommendation is Defendants' Second Motion for Dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 37 and 41(b). Dkt. No. 33. For the reasons that follow, it is recommended that Defendants' Motion be granted, and that the Plaintiff's Complaint be dismissed.

- 1 -

As the docket reflects, an initial Rule 16 conference was held with the Court, defense counsel, and Mr. Ross on February 19, 2020, and at that time the Court set deadlines for the completion of discovery and the filing of dispositive motions and warned the parties regarding the consequences of any failure to comply. *See* Dkt. No. 19, Uniform Pretrial Scheduling Order ("UPSO"). According to Defendants' counsel, since the filing of the USPO Plaintiff has failed to serve his initial disclosures pursuant to Rule 26, failed to respond to Defendants' document demands, and repeatedly refused to appear for a scheduled deposition. Dkt. No. 33-1, Decl. of Gregg Johnson at ¶¶ 5-9.

Defense counsel filed his first Motion to Dismiss on October 2, 2020. Dkt. No. 27. After considering the matter, this Court issued a Report-Recommendation and Order which recommended denying the Motion to Dismiss at that time but providing defense counsel the opportunity to renew the Motion if, within 60 days, the Plaintiff had not fulfilled his discovery obligations. Dkt. No. 30, Rep. Rec. & Order dated July 8, 2021. In that Report-Recommendation, the Court proceeded through the detailed history of the case, including the history of Plaintiff's noncompliance with his discovery obligations.[1] In the end, however, the Court decided to provide the *pro se* Plaintiff with one final opportunity to do what was required of him as a litigant. Importantly, included in that Decision was a warning to Plaintiff, in bold, indicating that his case stood "**on the precipice of dismissal,**" and that his continued failure to participate in the case in an

---

[1] The Court incorporates by reference the factual background of the case detailed in the initial decision, together with the basic legal analysis regarding dismissal for failure to prosecute.

active and responsive manner would leave the Court with no alternative but to dismiss his case. Rep. Rec. & Order, at pp. 7-9.

In the seven months that have now passed since that final warning was issued, it is apparent that the Plaintiff has continued with his effective abandonment of this case. As detailed in the Declaration of Attorney Johnson, Rule 26 initial disclosures have still not been provided despite additional correspondence to the Plaintiff from defense counsel. Johnson Decl. at ¶ 11. Plaintiff has again failed to appear for his deposition and has not provided any explanation to defense counsel for this noncompliance. *Id.* at ¶ 14. As specifically provided for in the Court's previous Order, Defendants have now made a renewed Motion to Dismiss. Dkt. No. 33.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *In re Hoosick Falls PFOA cases*, 2021 WL 1027908, at *3 (N.D.N.Y. Mar. 17, 2021), *report and recommendation adopted sub nom. In re Hoosick Falls PFOA Cases*, 2021 WL 1966720 (N.D.N.Y. May 17, 2021). Nevertheless, dismissal is "a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation marks omitted) (citation omitted).

In considering whether dismissal is the proper remedy in Mr. King's case, the Court must consider the following:

> (1) the duration of the plaintiff's failure to comply with the court order[s], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). The record must be reviewed as a whole; no one factor is dispositive. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d at 254.

Applying the five factors listed above, the Court now believes that dismissal is appropriate. Plaintiff's noncompliance has now extended for over two years. Plaintiff has not even replied to the present Motion to Dismiss. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d at 255 (noting that plaintiff's 17–month delay was significant and comparable to, if not longer than, delays that have supported dismissals in other cases.). The Plaintiff was on clear notice that his failure to comply would result in dismissal. *See* Dkt. Nos. 19, USPO at ¶ (6)(B) & 30. Defendants are critically prejudiced by their failure to receive any discovery, or to have an opportunity to depose the Plaintiff regarding his serious claims. Johnson Decl. at ¶ 3, Dkt. No. 33-3, Def's Mem. of Law at p. 12. The Court's interest in managing the docket is paramount, and it cannot simply keep this case on the active docket without the Plaintiff showing at least some interest in pursuing the matter. Plaintiff has been provided numerous chances to be heard, but has disregarded all of them. Finally, the Court has considered and indeed imposed a less drastic sanction on the previous Motion, but at this point sees no option available other than to recommend dismissal of the case.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Dismissal be **GRANTED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 24, 2022
       Albany, New York

                                      Daniel J. Stewart
                                      U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).